UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| SHONE WILKES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-228-JBC |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO J. QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Shone Wilkes is an inmate confined at the Federal Medical Center in Lexington, Kentucky.  Proceeding without an attorney, Wilkes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the living conditions at the prison.  [R. 1] Wilkes has paid the $5.00 filing fee assessed for habeas petitions.

The court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The court evaluates Wilkes's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the court accepts the petitioner's factual allegations as true and  liberally construes his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Having reviewed the petition, the court must deny relief because the claims Wilkes raises are not cognizable in a Section 2241 petition.

Wilkes generally complains that the living conditions at the prison are inhumane and that the Bureau of Prisons (BOP) discriminates between BOP staff and inmates by providing the prison staff with a comfortable environment in which to work while forcing the inmates to live in extremely uncomfortable temperatures.  More particularly, Wilkes alleges that prison staff work in air-conditioned areas while prisoners are housed in areas without air conditioning.  [R. 1, pp. 2-3]  Wilkes alleges that during the summer months, the inmates' residential areas are intolerably hot, and that the Federal Medical Center is not in compliance with the 1996 Supplemental Adult Correctional Institute's Standard 2-4130(3), which requires prisons to maintain a "comfort zone" of 60 to 80 degrees Fahrenheit during the summer months.  [*Id.*, p. 4] Wilkes requests an injunction compelling the BOP to immediately comply with this standard.

A petition for a writ of habeas corpus under Section 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  Claims challenging conditions of confinement, on the other hand, must be brought in a civil rights action under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), rather than in a Section 2241 habeas petition.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).  Wilkes's allegations regarding the temperatures and air conditioning at the prison constitute "conditions of confinement" claims, which must be pursued in a civil rights action rather than through habeas.  *Moreta v. Hollingsworth*, No. 10-CV-140-JPG, 2010 WL 2757533, at *1-2 (S.D. Ill. July 13, 2010); *In re: Whitfield*, No. 2:06-mc-075, 2006 WL

2

2794929, at *1 (S.D. Tex. Sept. 27, 2006); *Newbold v. Stansberry*, No. 1:08-cv-1266(LO/JPP), 2009 WL 86740, at *2-3 (E.D. Va. Jan. 12, 2009).

When a prisoner files a Section 2241 petition challenging conditions of his confinement, the proper course is to deny the petition "so that the would-be Plaintiff can properly assert the claims in a civil rights action." *McCray v. Rios*, No. 08-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009) (citing *Martin*, 391 F.3d at 714); *McCall v. Ebbert*, 384 F. App'x 55, 57 (3d Cir. 2010). A district court should not convert the habeas petition into a civil action brought pursuant to *Bivens* or 42 U.S.C. § 1983. *Martin*, 391 F.3d at 713; *Phillips v. Brady*, No. 3:10-cv-P617-S, 2011 WL 3489177, at *2 (W.D. Ky. Aug. 9, 2011); *Williams v. Zuercher*, No. 09-cv-127, 2010 WL 420066, at *4 (E.D. Ky. Feb. 1, 2010). Therefore, the Court will deny Wilkes's Section 2241 petition without prejudice to his right to raise these same claims in a *Bivens* action.

Accordingly, **IT IS ORDERED** that:

1.  Shone Wilkes's petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**.

2.  The Court will enter an appropriate judgment.

3.  This matter is **STRICKEN** from the active docket.

Signed on  January 7, 2013



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3